IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>        Plaintiff,<br><br>v.<br><br>Persons associated with (602) 898-8725,<br><br>        Defendants. | No. CV-24-01342-PHX-KML<br><br>**ORDER** |

    Plaintiff Jason Crews allegedly received "at least seven illegal telemarketing calls" on his cell phone. (Doc. 1 at 2.) All those calls were from (602) 898-8725. Based on those calls, Crews filed a complaint alleging violations of the Telephone Consumer Protection Act. Crews does not know the identity of the individuals or entities responsible for the telemarketing calls. Thus, the defendants are identified in the complaint as "Persons associated with (602) 898-8725."

    The same day Crews filed his complaint he also filed an "*Ex Parte* Motion to Serve Third Party Subpoena prior to a Rule 26(f) conference." (Doc. 3.) That motion explains Crews has "queried various public databases" hoping to identify who is associated with the 8725 number. Crews has also called the number, searched the Internet, and used "the Caller ID Database" and "national skip tracing databases." (Doc. 4 at 5.) Those queries resulted in Crews learning the number is "serviced by Onvoy, LLC" but no additional identifying information. (Doc. 4 at 2.) To gain more information, Crews seeks permission to serve third-party subpoenas on "Onvoy, LLC, and any subsequent downstream providers as it

may identify." (Doc. 4 at 1.)

A plaintiff asking for early discovery must establish he expects the unknown defendant will be "a real person or entity." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). A plaintiff must also identify the steps taken to locate the elusive defendant and that the complaint can "withstand a motion to dismiss." *Id.* Beyond those requirements, a plaintiff must establish "there is a reasonable likelihood that the discovery process will lead to identifying information about [the] defendant that would make service of process possible." *Id.* at 580. Crews has satisfied the first three requirements but not the fourth.

Crews has not shown "a reasonable likelihood" the discovery he seeks will produce identifying information because he has not explained the nature of Onvoy's business or what it means for the 8725 number to be "serviced by Onvoy." (Doc. 4 at 2.) Crews has also failed to explain the relationship Onvoy has with "downstream telephone providers" and from how many such providers he expects to request information to obtain the information he seeks. If a subpoena to Onvoy is merely the start of a lengthy and uncertain sequence of discovery, the court is not inclined to allow such discovery.

At present, Crews has not provided a sufficiently concrete and specific explanation of the background facts, the discovery he wishes to take, and why that discovery is reasonably likely to lead to the defendants' identities. The current request for early discovery is denied but Crews may renew his motion for early discovery if he can offer significantly more details explaining his request.

Crews filed a motion to extend the deadline to serve defendants, arguing an extension was needed because the court had not ruled on his request for early discovery. The motion to extend the service deadline is granted but this case will be dismissed for failure to serve if Crews does not file a renewed motion explaining the need for early discovery.

Accordingly,

**IT IS ORDERED** the *Ex Parte* Motion to Serve Third-Party Subpoenas (Doc. 3) is

1. **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** no later than **September 23, 2024**, plaintiff shall file a renewed motion for discovery. The Clerk of Court is directed to enter a judgment of dismissal without prejudice if plaintiff does not file a motion by that date.

**IT IS FURTHER ORDERED** the *Ex Parte* Motion to Extend the Deadline to Serve Defendants (Doc. 10) is **GRANTED IN PART**. The deadline for service of process will be reset by future order if plaintiff is granted leave to obtain early discovery.

Dated this 11th day of September, 2024.

Honorable Krissa M. Lanham
United States District Judge