Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews,<br><br>Plaintiff,<br><br>vs.<br><br>Subscriber(s) associated with (602)898-8725,<br><br>Defendants. | Case No.: 2:24-cv-01342-KML<br><br>Plaintiff's Second *Ex Parte* Motion to Serve Third-Party Subpoena prior to a Rule 26(f) conference.<br><br>DEMAND FOR JURY TRIAL |

  Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby moves this honorable Court to enter an order granting Plaintiff leave to serve a third-party subpoena under Rule 45 on Onvoy, LLC, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone number (602)898-8725, incorporates by reference Plaintiff's Second *Ex Parte* Motion to Serve Third-Party Subpoena prior to a Rule 26(f) conference (Doc. 3), and in support of his motion states as follows:

**Factual Background**

- Plaintiff initially filed this matter on June 6, 2024. Doc. 1.

COMPLAINT- 1

- On the same day, Plaintiff filed a Motion to Serve Third-Party Subpoena Prior to Rule 26(f) Conference under Rule 45, along with proposed subpoenas, as required by General Order 18-19. Doc. 3.
- On September 11, 2024, this Court denied (Doc. 10) without prejudice Plaintiff's *Ex Parte* Motion to Extend the Deadline to Serve Defendants (Doc. 11). Ruling that Plaintiff "…has not shown 'a reasonable likelihood' the discovery he seeks will produce identifying information because he has not explained the nature of Onvoy's business or what it means for the 8725 number to be 'serviced by Onvoy,'" and that he "…failed to explain the relationship Onvoy has with "downstream telephone providers" and from how many such providers he expects to request information to obtain the information he seeks."

**Argument**

Onvoy provides telecommunication services such as network-based and messaging services to wireless, cable carrier, and communication service providers[1], Onvoy acts as an intermediary between different carriers to ensure that calls and messages reach their intended destinations smoothly[2], and according to some sources "[Onvoy is] used for numerous things. Robocalls, spam calls, and even phone …"[3] and have also been used fraudulent and malicious purposes, leading to a rise in unwanted communications such as spam calls and scam texts[4].

According to Onvoy's own civil subpoena policy, "civil litigants should … initially issue only a TPCS [companies such as Onvoy] for customer identifying information from the Company about the other service provider ("OSP") who is our wholesale customer for a target number, and only thereafter, seek CDRs through the subsequent issuance of another subpoena to the OSP who is identified in our response to the TPCS to the

---

[1] https://www.bloomberg.com/profile/company/1307862D:US#:~:text=Onvoy%2C%20LLC%20provides%20telecommunication%20services,carrier%2C%20and%20communication%20service%20providers.
[2] https://www.numlookup.com/blog/what-is-an-onvoy-phone-number
[3] https://www.reddit.com/r/NoStupidQuestions/comments/srmht8/who_is_onvoy_spectrum_llc_i_been_getting_messages/
[4] https://www.numlookup.com/blog/what-is-an-onvoy-phone-number

COMPLAINT- 2

Company" and "… as a provider of wholesale communications interconnection services, the Company delivers traffic between the networks of OSPs involving telephone numbers which are either: (a) allocated to the Company and released to an OSP, or else (b) already in use by an OSP (who "ported" the number to our network). In either case, the number is being serviced by the OSP."[5]   Here Plaintiff seeks the identity of the OSP which will, in turn, ultimately lead to the subscriber(s) associated with (602)898-8725.

As for the downstream providers mentioned in Plaintiff's prior motion for early discovery, it is difficult to determine at this time the exact number of subsequent subpoenas which will be necessary, however at this time, Plaintiff believes it should be no more than two additional subpoenas, three including the one he now requests for Onvoy.   Onvoy's civil subpoena process indicates the possibility of an "Other Provider of Wholesale Interconnection Services" and OSP, which may still be needed.  However, rather than seek issuance of those subpoenas at this time, Plaintiff amends his prior request that if this Court grants his motion for early discovery and his initial subpoena to Onvoy, he will seek any additional subpoenas via subsequent motions to this Court pursuant to Order 18-19.

**Conclusion**

Plaintiff hereby moves this honorable Court to enter an order granting Plaintiff leave to serve a third-party subpoena under Rule 45 on Onvoy, LLC, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone number (602)898-8725.

RESPECTFULLY SUBMITTED on this September 14, 2024.

*/s/Jason Crews*

Jason Crews

---

[5] https://wwwcontent.inteliquent.com/wp-content/uploads/2022/11/08115634/Civil-Subpoena-Policy-2022-10-28.pdf
COMPLAINT- 3