1
2
3
4
5

6          **IN THE UNITED STATES DISTRICT COURT**

7            **FOR THE DISTRICT OF ARIZONA**

8

9    Jason Crews,                                    No. CV-24-01342-PHX-KML

10            Plaintiff,                             **ORDER**

11   v.

12   Persons associated with (602) 898-8725,

13            Defendants.

14

15         On September 11, 2024, the court denied plaintiff Jason Crews's initial request to

16   conduct early discovery to identify who is associated with the 8725 telephone number.

17   (Doc. 11.) The court concluded Crews had not shown a "reasonable likelihood" the

18   discovery he would like to request from nonparty Onvoy would produce information

19   identifying individuals or entities associated with the 8725 number. The court informed

20   Crews he could "renew his motion for early discovery if he [could] offer significantly more

21   details explaining his request." (Doc. 11 at 2.)

22         On September 14, 2024, Crews filed his second motion for early discovery. (Doc.

23   12.) That motion provided a very limited amount of additional information. Crews argued

24   "Onvoy provides telecommunication services such as network-based and messaging

25   services to wireless, cable carrier, and communication service providers." (Doc. 12 at 2.)

26   Crews describes Onvoy as an "intermediary between different carriers to ensure that calls

27   and messages reach their intended destinations smoothly." (Doc. 12 at 2.) And Crews

28   anticipates needing two more subpoenas after he obtains the information from Onvoy. The

renewed motion still does not provide sufficient information to allow early discovery.

Crews has not explained in sufficiently clear terms the nature of Onvoy's business, nor has he explained the basis for his belief that allowing a subpoena to Onvoy will result in the information he seeks. While Onvoy is an "intermediary," that does not provide useful insight into the role Onvoy plays in connection with calls to Crews's phone number. In addition, Crews does not provide any factual basis for his speculative and vague assertion that after issuing a subpoena to Onvoy, no more than two additional subpoenas would be needed. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (plaintiff must establish "discovery is likely to lead to identifying information that will permit service of process"); *cf. Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) ("vague assertions that additional discovery will produce needed, but unspecified facts" are insufficient to permit early discovery). It is now clear a subpoena to Onvoy would merely be the first step in a sequence of discovery that might take months and still not result in identifying a defendant. In these circumstances, the court will not authorize early discovery.

Crews has admitted he has no way of identifying appropriate defendants without early discovery and the deadline for service of process has expired. Therefore, the complaint is dismissed without prejudice. Crews may file a new complaint if he is able to obtain additional identifying information regarding the defendants.

Accordingly,

**IT IS ORDERED** the motion for early discovery (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** the complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall ender judgment accordingly.

Dated this 24th day of September, 2024.

Honorable Krissa M. Lanham
United States District Judge

- 2 -