Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT ARIZONA
# PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, <br><br> Plaintiff, <br><br> vs. <br><br> Subscriber(s) associated with (602)898-8725, <br><br> Defendants. | Case No.: 2:24-cv-01342-KML <br><br> Notice and Memorandum in Support of Plaintiff Jason Crews' Motion to Reopen, Restore this Action, and Leave to File First Amended Complaint. <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Jason Crews ("Plaintiff") files this written notice and respectfully moves to reopen this matter, restore it to the Court's docket, grant leave to file Plaintiff's first amended complaint, and be granted 90 days to effectuate service on all Defendants.

<u>Factual Background</u>

- Plaintiff initially filed this matter on June 6, 2024. Doc. 1.
- On the same day, Plaintiff filed a Motion to Serve Third-Party Subpoena Prior to Rule 26(f) Conference under Rule 45, along with proposed subpoenas, as required by General Order 18-19. Doc. 3.

COMPLAINT- 1

- On September 11, 2024, this Court denied (Doc. 10) without prejudice Plaintiff's *Ex Parte* Motion to Extend the Deadline to Serve Defendants (Doc. 11).
- On September 14, 2024, Crews filed his second motion for early discovery. (Doc. 12.)
- On September 26, 2024, this Court denied (Doc. 13) Plaintiff's second motion for early discovery, dismissing Plaintiff's complaint without prejudice.

Introduction

Plaintiff has alleged that the subscriber associated (602)898-8725 ("Callers") have placed at least seven illegal telemarketing calls to him. Plaintiff attempted to ascertain the identity of Callers but was unsuccessful. Plaintiff confronted the Callers, but they refused to identify themselves and blocked Plaintiff's telephone number. Shortly thereafter, Plaintiff tried unsuccessfully from a different telephone number, and like in his first attempt, Callers refused to identify themselves and blocked Plaintiff's telephone number. Left with no other recourse to hold Callers accountable for their harassing and violative telephone calls, Plaintiff filed this action and requested this Court allow limited early discovery.

Grounds for Reopening and Restoring Case

This Court's primary reason for dismissing Plaintiff's complaint was his inability to ascertain the identity of and serve Defendants without early discovery to ascertain the identity of the subscriber associated Callers. This has now been resolved.

Plaintiff was able to circumvent Callers' telephone block and obtain their identity, Direct Health Solutions Insurance Agency, LLC ("Direct Health"). Direct Health is an entity in good standing registered in the State of Florida whose registered agent should enable the service process service within a reasonable time frame.

Legal Standard Leave to file the first amended complaint

## **Legal Standard**

Under Rule 15(a), leave to amend is liberally granted, and it is an abuse of discretion to deny leave in the absence of a showing of prejudice or bad faith or without a showing that

COMPLAINT- 2

the proposed amendment is frivolous.[1] See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that 'leave shall be freely granted when justice so requires.' This policy is 'to be applied with extreme liberality.'") (citations omitted); see also *Cooper Dev. Co. v. Emp'rs Ins. of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) ("Leave to amend should be denied only when there is a showing of undue delay, bad faith, futility of amendment or prejudice to the opposing party.").

Federal Rule of Civil Procedure 15(a) reflects an underlying policy that disputes should be determined on their merits and not on the technicalities of pleading rules. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Rule 15(a) has been consistently applied in this district and circuit to grant leave unless there is a showing of prejudice, undue delay, bad faith, or "futility of amendment." *Cooper Dev. Co.*, 765 F. Supp. at 1432; see also *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Advanced Cardiovascular Sys. v. SciMed Life Sys.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997).

The four factors that are relevant to determining whether leave should be granted are: (1) whether there has been undue delay; (2) whether the moving party has acted in bad faith or with a "dilatory motive"; (3) whether the amendment would be futile because the claims appear on their face to be frivolous; and (4) whether the non-moving party would be prejudiced by granting leave to amend. *Foman*, 371 U.S. at 182. In the Ninth Circuit, the non-moving party bears the burden of demonstrating why leave to amend should be denied. See *DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of

---

[1] Former FRCP 13(f) provided that "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." However, FRCP 13(f) was abrogated in 2009 because "[w]hen the court's leave is required, the reasons described in Rule 13(f) for permitting amendment to a pleading to add an omitted counterclaim sound[ed] different from the general amendment standard in Rule 15(a)(2) . . . [but should have been administered] according to the same standard directing that leave should be freely given when justice so requires." Fed. R. Civ. P. 13, advisory committee note of 2009.

COMPLAINT- 3

showing prejudice."). As set forth below, none of these four factors are present in this case, and leave to amend should be granted.

### **Argument**

**A. Undue Delay**

There has been no undue delay in bring Plaintiff's motion. Plaintiff has only recently become aware of the evidence revealing the identity of Defendants. Should this court approve this motion Plaintiff will be able to serve his first amended complaint to all Defendants formally.

**B. Plaintiff Has Acted in Good Faith in Asserting the Amendment.**

Plaintiff is not asserting the amendment for a "wrongful motive." See *DCD Programs*, 833 F.2d at 187. Plaintiff asserts his amendment for the sole purpose of adding additional allegations arising out of newly discovered evidence.

**C.** Plaintiff's amendment will not be futile because the claims on their face are not frivolous.

**D. Amendment Will Not Prejudice Defendants.**

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052 (quotation omitted). There is no prejudice to Defendants, nor is this amendment a surprise to Defendants.

In addition, the proposed amendment involves issues that are at the center of Plaintiff's claims in this action, such as adding allegations of additional violative telemearting calls, and removing Defendant's who are no longer a party to this action. The assertion of these allegations against Defendants will not alter the nature of the litigation in any fundamental way and, instead, will permit the Court to consider all the facts and legal theories relevant to the claims that have already been asserted.

If the Court does not grant leave to amend or consider Plaintiff's amendment, then Plaintiff may lose its ability to prosecute its claims against Defendants. Here, granting leave to amend confers no prejudice upon Defendants, and denying leave to amend risks extreme prejudice to Plaintiff. *Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comercio Ltd.*, 220

COMPLAINT- 4

F.R.D. 614, 622 (C.D. Cal. 2003) (finding no prejudice where "the issues contained in [the] proposed claims are substantially related to the issues contained in [the] Plaintiffs' Complaint").

## Conclusion

For all of the foregoing reasons, Plaintiff's motion to reopen and restore this action, request to be granted leave to file an amended complaint should be granted.

RESPECTFULLY SUBMITTED on this October 7, 2024.

*/s/Jason Crews*

Jason Crews

COMPLAINT- 5