**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br>    Plaintiff,<br>v.<br>Unknown Party,<br>    Defendant. | No. CV-24-01342-PHX-KML<br>**ORDER** |

  Plaintiff Jason Crews filed this suit on June 5, 2024. Over the following months, Crews filed two motions for leave to conduct early discovery. Crews needed early discovery to identify the individuals or entities responsible for telemarketing calls to his phone number. (Doc. 3, 10.) The court denied the second of those motions on September 26, 2024. (Doc. 13.) The court dismissed the case and entered judgment that same day because Crews had stated early discovery was necessary for him to identify a defendant and the 90-day deadline for service had passed.

  On October 7, 2024, Crews filed a "Motion to Reopen, Restore this Action, and Leave to File a First Amended Complaint." (Doc. 15.) That motion argues Crews "was able to circumvent" the "telephone block" that had previously prevented him from identifying the caller. (Doc. 15 at 2.) Crews identified the caller as Direct Health Solutions Insurance Agency, LLC, "an entity in good standing registered in the State of Florida." (Doc. 15 at 2.) Crews also identified another entity, Adroit Health Group, LLC, as "associated with" Direct Health. Crews asks to set aside the judgment and allow him to file

1 an amended complaint naming as defendants Direct Health and Adroit Health.

2 Crews's motion focuses on his request to amend his complaint. But "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). Crews's motion was filed within 28 days of the judgment, so the court will construe it as a request under Fed. R. Civ. P. 59(e).

Relief under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Crews has presented newly discovered evidence regarding defendants' identities. He has not explained whether that evidence could have been discovered earlier. *See Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). But the court has "considerable discretion when considering a [Rule 59(e)] motion[.]" *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Accepting the evidence qualifies as "newly discovered," and because the case was filed less than six months ago, the Rule 59(e) motion is granted. Crews must file a clean copy of the amended complaint and complete service of process within 30 days.

Accordingly,

**IT IS ORDERED** the Motion for Relief (Doc. 15) is **GRANTED**. The judgment entered on September 26, 2024 (Doc. 14) is **VACATED**.

**IT IS FURTHER ORDERED** Plaintiff shall file a clean copy of the amended complaint within five days of this order.

/

/

/

**IT IS FURTHER ORDERED** Plaintiff shall complete service of process within thirty days of this order.

Dated this 15th day of October, 2024.

*Krissa M. Lanham*

Honorable Krissa M. Lanham
United States District Judge

- 3 -